Filed 12/5/25  P. v. Ramirez CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B342871 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA006667) |
| v. | |
| ARMANDO RAMIREZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Joseph R. Porras, Judge.  Affirmed.

Pensanti & Associates and Louisa Pensanti for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Scott A. Taryle, Supervising Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Armando Ramirez (defendant) was convicted of second degree murder in 1992. In 2019, he filed a petition for resentencing under Penal Code section 1172.6 (former Penal Code section 1170.95).[1] That petition was denied, and this court affirmed the denial. In 2023, defendant filed another section 1172.6 petition for resentencing, which the trial court again denied. In this appeal from the most recent denial order, we principally consider whether issue preclusion principles compelled denial of defendant's successive section 1172.6 petition.

## I. BACKGROUND

*A. The Offense Conduct, Trial, and Direct Appeal*[2]

On New Year's Day in 1991, defendant and Anthony Lupe Chavez (Chavez), both members of the Chivas criminal street gang, discussed going to the territory of the Varrio Norwalk gang and shooting one of its members in retaliation for an earlier incident in which a Varrio Norwalk member shot a Chivas member in Chivas territory. Chavez was armed with a shotgun, and he and defendant stole a car and then drove into Varrio Norwalk territory and passed a park where Varrio Norwalk members were known to gather. Varrio Norwalk member Jordy

---

[1] Undesignated statutory references that follow are to the Penal Code.

[2] The summary of defendant's offense conduct is drawn from the opinion resolving defendant's direct appeal (*People v. Ramirez* (Dec. 14, 1993, B071160) [nonpub. opn.]). The description of the offense conduct, however, is provided for background purposes only and does not affect our analysis or disposition of the appeal.

Rodriguez (Rodriguez) saw defendant and shouted "Norwalk!" Defendant yelled back, "Fuck Norwalk, Chivas" and drove toward Rodriguez. Chavez aimed the shotgun at Rodriguez from the car and fired four or five times, killing Rodriguez.

When defendant and Chavez arrived back in Chivas territory, defendant parked and covered the car while Chavez disposed of the gun. Other Chivas members were awaiting their return, and defendant told them he and Chavez had shot someone from Varrio Norwalk.

Defendant was arrested for the crime. In an interview with homicide detectives, he admitted driving the car, knowing Chavez had a shotgun, and harboring a desire to retaliate for the earlier shooting. But defendant claimed he did not know Chavez actually planned to shoot anyone.

Defendant was charged with one count of murder in violation of section 187, subdivision (a). The information alleged a principal was armed with a firearm in the commission of the offense. A trial jury found defendant guilty of second degree murder, and he was sentenced to 16 years to life in prison.

This court affirmed on direct appeal. (*People v. Ramirez*, *supra*, B071160.) Among other things, the panel rejected defendant's argument that the trial court erred by allowing the prosecutor to misstate the law on principles of aiding and abetting.

B.    *Defendant's First Petition for Resentencing*

Defendant initially filed an uncounseled section 1172.6 petition for resentencing in February 2019. The People opposed the petition, arguing he was ineligible for section 1172.6 relief because he was a direct aider and abettor and he was not

3

prosecuted on a felony murder or natural and probable consequences theory of murder.

Defendant filed a new section 1172.6 petition for resentencing in April 2021, this time represented by counsel. The petition argued the information filed against defendant allowed the prosecution to rely on the natural and probable consequences doctrine to prosecute him for murder, he was convicted pursuant to that doctrine, and he could not now be convicted of second degree murder because of the changes made to sections 188 and 189. Defendant further asserted he made a prima facie case for relief under section 1172.6 because he was not the actual killer, did not aid and abet Chavez in the killing, and did not exhibit reckless indifference to human life.

The trial court held a hearing on defendant's petition. After hearing argument, the court denied the petition and found defendant had not established a prima facie case for relief. The court acknowledged defendant was not the actual shooter but found he was not convicted pursuant to the felony murder rule or the natural and probable consequences doctrine. Rather, the court found defendant was convicted as a direct aider and abettor and was not eligible for relief.

Defendant appealed the trial court's ruling. We affirmed, concluding defendant could not demonstrate he was eligible for relief where his jury was not instructed on the natural and probable consequences doctrine or felony murder. (*People v. Ramirez* (Aug. 24, 2022, B312908) [nonpub. opn.].)

*C.      Defendant's Most Recent Petition for Resentencing*[3]

Defendant, represented by attorney Louisa Pensanti, filed another section 1172.6 petition for resentencing in August 2023. Boxes on the form petition filed by counsel were checked to assert (a) the prosecution in his murder trial was allowed to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or other theory under which malice is imputed to a person based solely on their participation in a crime, and (b) he was convicted of murder but he could not presently be convicted of murder or attempted murder because of changes made to Penal Code sections 188 and 189.

The People opposed the petition, arguing it was barred by the doctrine of issue preclusion. The People acknowledged section 1172.6 was amended after defendant's first petition such that the statute now permitted relief in instances where a complaint allowed the prosecution to proceed under any other theory imputing malice to a person based solely on their participation in a crime. But the People argued defendant had not established such a basis existed here because the only theory of liability for murder encompassed by the jury instructions at defendant's trial was a malice—without imputation—theory.

In reply, defendant argued he was eligible for resentencing because "his conviction fell under the natural and probable consequences doctrine." He maintained that the prosecution at his trial had "stood on the theory that . . . there was no felony

---

[3]      The Attorney General filed a motion to augment the record with defendant's petition for resentencing and the People's opposition to the petition (neither of which were included in the clerk's transcript). That motion is granted.

murder, but merely that the murder fell under the natural and probable consequences of gang activity." Elaborating, defendant argued "the prosecution's entire theory of the crime is that [defendant] can have liability imputed to him based on the killing being a natural and probable consequence of his gang activities. This case is intrinsically related to the natural and probable cause doctrine, which is why it falls under [section] 1172.6(a)." Defendant's reply further contended he "did not have the requisite intent to be an aider and abettor."

At the November 2024 hearing on defendant's 2023-filed petition, the trial court recited, without objection, that defendant's trial jury was not instructed on the felony murder rule or the natural and probable consequences doctrine. Defense counsel also agreed with the court that defendant was "convicted as an aider and abettor, basically the driver." The People acknowledged there had been a change in the law that added a "third category" of relief available to section 1172.6 petitioners, i.e., statutory language making relief available if a petitioner was convicted on a theory of liability permitting imputation of malice, but the People argued the facts of defendant's case could not support any determination that his murder conviction rested on imputation of malice to him by the trial jury.

In response, defense counsel recited the same jumble of an argument made in her reply brief: "the prosecution stood on the theory that based on the facts of the case there was no felony murder but merely that the murder felony under the natural and probable consequences of gang activity. Specifically, the prosecution attempted to impute malice on [defendant] based solely on his participation in gang conduct." After hearing that, counsel for the People remarked that "this issue of natural and

6

probable consequences, when that's what we're talking about and not *Langi* [i.e., *People v. Langi* (2022) 73 Cal.App.5th 972], then we are back at the successive petition point because the only way we get past the successive petition is if we're dealing with the new law . . . [and] natural and probable consequences is not new law. That was prohibited by the [prior version of section 1172.6] and was litigated in the original hearing on the original petition." Defense counsel replied "[a]bsolutely" and pivoted to an argument challenging the sufficiency of the evidence that defendant was an aider and abettor because, in her view, defendant did not "know what . . . Chavez was going to do, and he [defendant] did not form the intent to kill."

The trial court denied defendant's section 1172.6 petition. Based on the arguments as framed by defense counsel, the court ruled: "I don't have the jurisdiction under [section] 1172.6 at a prima facie hearing to basically . . . determine if aiding and abetting was proven or not. The law of the case is he was convicted under an aiding and abetting theory. Again, that is all for direct appeal . . . . And that appeal has already come and gone. So really what I'm looking at now is prima facie proof that he qualifies for [section] 1172.6 relief. And what has been presented to the court and also the kind of the re-evaluation, if you will, after the law has changed, I don't see that there's any new law—or, I'm sorry, any change in the law that then gave us space for the court to find a prima facie case here. It's still he was convicted . . . [of] aiding and abetting in this matter, which is still a viable theory."

## II. DISCUSSION

Defense counsel in this appeal (the same attorney in the trial court) filed an opening brief that reproduces word-for-word the same arguments made below: defendant is eligible for resentencing because his conviction "fell under the natural and probable consequences doctrine" and because he "did not have the requisite intent to be an aider and abettor." Other than the same passing reference made in the briefing below to defendant having "liability imputed to him based on the killing being a natural and probable consequence of his gang activities," there is no discussion of any changes to section 1172.6 that would justify relief notwithstanding the denial of his earlier section 1172.6 petition.[4] As we explain, that means the trial court's ruling is justified on issue preclusion grounds. And as we also briefly mention, the trial court was right on the merits regardless.

Section 1172.6 does not expressly prohibit individuals from filing more than one petition for resentencing. A subsequent petition may, however, be barred by the doctrine of issue preclusion. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 950; *People v. Beaudreaux* (2024) 100 Cal.App.5th 1227, 1242, fn. 5.)

"'As traditionally understood and applied, issue preclusion bars relitigation of issues earlier decided "only if several threshold requirements are fulfilled."'" (*People v. Curiel* (2023) 15 Cal.5th 433, 451.) The issue sought to be precluded from relitigation must be identical to that decided in a former proceeding, the issue must have been actually litigated and

---

[4] Even if there were such discussion, the point would be forfeited because, as our recitation of the pertinent background establishes, it was not adequately raised in the trial court.

necessarily decided in the former proceeding, the decision in the former proceedings must be final and on the merits, and the party against whom preclusion is sought must be the same or in privity with the party in the former proceeding. (*Id.* at 451-452.) Even if all of these requirements are met, there are still exceptions. One such exception "'holds that preclusion does not apply when there has been a significant change in the law since the factual findings were rendered that warrants reexamination of the issue.' [Citation.]" (*Id.* at 454.)

After defendant's first section 1172.6 petition, the statute was amended, in pertinent part, to provide relief not only where "[a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, [or] murder under the natural and probable consequences doctrine," but also where the prosecution was allowed to proceed under "[an]other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . ." (§ 1172.6, subd. (a)(1).) Defendant has not, however, adequately advanced any arguments that rely on the change in the law. He has not identified any error in the instructions to the trial jury that would have allowed the jury to impute malice to him under some theory other than the felony murder rule or the natural and probable consequences doctrine. That means the circumstances today are no different than the circumstances when his first section 1172.6 petition was denied, and thus, his petition is barred on issue preclusion grounds.

Moreover, even putting issue preclusion aside, we would still affirm the trial court's order because defendant did not state a prima facie case for relief. To be eligible for resentencing, a defendant must have been convicted of murder under the felony

9

murder rule, the natural and probable consequences doctrine or some other theory under which malice was imputed to him based solely on his participation in a crime.  (§ 1172.6, subd. (a).)  We have again reviewed the instructions delivered to defendant's jury, and it was not instructed on felony murder, the natural and probable consequences doctrine, or any other theory under which malice could be imputed to defendant.  He is thus ineligible for relief as a matter of law.  (See e.g., *People v. Coley* (2022) 77 Cal.App.5th 539, 546-549.)

Defendant's remaining argument—that he did not have the requisite intent to be an aider and abettor and the prosecutor's closing argument concerning his intent was inconsistent with the law on aiding and abetting—were arguments for direct appeal and are not within the purview of section 1172.6.  (See, e.g., *People v. Flores* (2023) 96 Cal.App.5th 1164, 1173; *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error"].)

## DISPOSITION

The order denying defendant's section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, Acting P. J.

We concur:

MOOR, J.

KIM (D.), J.